1  Clement Cheng (SBN# 198359)
   NEWHOPE LAW, PC
2  4522 Katella Avenue #200
   Los Alamitos, CA 90720
3  Tel: (714) 825-0555
   Fax: (714) 825-0558
4  Email: law@clemcheng.com
5
   Attorney for Plaintiff
6  Tailai Ting

7              **UNITED STATES DISTRICT COURT**

8             **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| 9  TAILAI TING, an individual, | **CASE NO.:** |
| 10              Plaintiff, | **COMPLAINT FOR DAMAGES** |
| 11        vs. | **1.TRADEMARK COUNTERFEITING;** |
| 12  9SPARTS INC., a California Corporation, | **2. FEDERAL TRADEMARK INFRINGEMENT;** |
| 13              Defendant. | **3. FALSE DESIGNATIONS OF ORIGIN AND FALSE ADVERTISING;** |
| 14 | |
| 15 | **4. COMMON LAW UNFAIR COMPETITION** |
| 16 | **JURY TRIAL DEMANDED** |

17

18       Plaintiff TAILAI TING ("Plaintiff"), for his claims against 9SPARTS INC. ("Defendant"),

19  hereby complains and alleges as follows:

20                    **JURISDICTION AND VENUE**

21    1.  Plaintiff files this action against Defendant for trademark infringement and trademark

22       dilution under the Lanham Trademark Act of 1946, 15 U.S.C. §1051 et seq. (the "Lanham

23       Act"), and related claims of unfair competition and trademark dilution under the statutory

24       and common law of the State of California. This Court has subject matter jurisdiction over

25       the Federal trademark counterfeiting and infringement and trademark dilution claims

26       pursuant to 28 U.S.C.A §§1121(a), 1331, 1338(a).

27

28

_____
                    COMPLAINT FOR DAMAGES

2. This Court has subject matter jurisdiction over the remaining claims pursuant to 28 U.S.C.A 1367, since those claims are related to and arise from the same set of facts as Plaintiff's trademark infringement claims.

3. This Court has personal jurisdiction over Defendant because Defendant does business within this judicial district, and the acts complained of occurred in this judicial district.

4. This action arises out of wrongful acts by Defendant within this judicial district. Venue is proper in this district pursuant to 28 U.S.C. 1391 because the claims asserted arise in this district.

## THE PARTIES

5. Plaintiff TAILAI TING is an individual and resident of the State of California. Plaintiff is the owner of a corporation Calhome, Inc. d/b/a T-Motorports ("T-Motorsports"), which is duly organized and existing under the laws of the State of California, with a principal place of business in Pomona, California.

6. Upon information and belief, Defendant 9SPARTS INC. is a corporation duly organized and existing under the laws of the State of California, with an office and principal place of business listed with the Secretary of State's office at 1566 Arrow Highway, La Verne 91750.

7. Upon information and belief, Defendant 9SPARTS INC. also uses the aliases PaylessRack and A-Smart to conduct business in the State of California, so that 9SPARTS INC., Payless Rack and A-Smart are all one and the same entity.

8. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times herein, Defendant knew or reasonably should have known of the acts and behavior alleged herein and the damages caused thereby, and by their inaction, ratified and encouraged such acts and behavior.

## ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

9. Plaintiff is the exclusive owner of the trademark "TMS" (the "TMS mark"), referenced by U.S. Registration No. 4,793,272. Attached hereto as Exhibit "A" is a true and correct copy

of Plaintiff's Certificate of Registration for the TMS mark. In connection with the TMS mark, Plaintiff sells heavy duty racks (the "vehicle racks") used on the roof top of vehicles to haul large items.

10. Plaintiff personally designed the vehicle racks and began manufacturing and selling them in interstate commerce on March 20, 2012.

11. After registering the TMS mark, Plaintiff has continuously used the TMS mark in interstate commerce in association with the sale, distribution, and advertising of its goods through his business Calhome, Inc.

12. Plaintiff sells various models of the vehicle racks online on internet stores, including eBay and Amazon. Plaintiff's models of the vehicle racks include the Kayak-RKJ (the Kayak Rack") and the Pickup Rack (the "Pickup Rack").

13. On average, the gross sales of the vehicle racks sold through Plaintiff's company amounts to over one-half million dollars each year. As such, the TMS mark and the goodwill associated therewith are valuable assets to Plaintiff and his business.

## DEFENDANT'S INFRINGING CONDUCT

14. In May of 2016, Plaintiff discovered that Defendant, under its alias Payless Rack, was offering for sale, and/or selling an exact model of the Kayak Rack without authorization or license on Amazon.com under the TMS mark and under the exact product name and description listed by Plaintiff's company on Amazon.com. Payless Rack even used Plaintiff's photographs of the Kayak Rack to offer for sale and/or to sell vehicle racks on Amazon.com without Plaintiff's permission, consent or license.

15. Plaintiff's company sent notices on May 11, 2016; May 23, 2016 and again on June 7, 2016 to Payless Rack to demand that it stop selling the TMS Kayak Rack, all to no avail; Payless Rack ignored Plaintiff's notices and continued to sell the TMS Kayak Rack on Amazon.com.

16. In May of 2016, Plaintiff also discovered that Defendant, under its alias A-Smart, was offering for sale, and/or selling an exact model of the Kayak Rack without authorization or license on Amazon.com under the TMS mark and under the exact product name and

description listed by Plaintiff's company on Amazon.com.  A-Smart even used Plaintiff's photographs of the Kayak Rack to offer for sale and/or to sell vehicle racks on Amazon.com without Plaintiff's permission, consent or license.

17.  Plaintiff's company sent notices on May 17, 2016; June 10, 2016 and again on June 22, 2016 to A-Smart demanding that it stop selling the TMS Kayak Rack, all to no avail;  A-Smart ignored Plaintiff's notices and continued to sell the TMS Kayak Rack on Amazon.com.

18. On June 22, 2016, Plaintiff's counsel Ava Chow sent a cease and desist letter to Payless Rack on Amazon.com demanding that it stop its infringing conduct.  Attached hereto as Exhibit "B" is a true and correct copy of Plaintiff's cease and desist demand letter.  However, Payless Rack ignored the cease and desist demand letter and continued to sell the infringing products.

19. On July 27, 2016, Plaintiff's company reported A-Smart's infringing conduct to Amazon.com.

20. On July 27, 2016 and on August 11, 2016, Plaintiff's company reported Payless Rack's infringing conduct to Amazon.com.

21. On July 27, 2016, Plaintiff's company ordered from A-Smart the infringing Kayak Rack to confirm that it was a TMS brand item.  Attached hereto as Exhibit "C" is a true and correct copy of the Order Confirmation for the purchase.  When Plaintiff's company received the purchased item, an inspection of the merchandise confirmed that said merchandise was an unlawful reproduction of Plaintiff's Kayak Rack.  Plaintiff also discovered that the shipping label on the package indicated that the package originated from 9SPARTS INC.  Attached hereto as Exhibit "D" is a true and correct copy of the shipping label for the order to A-Smart.

22. On July 28, 2016, Plaintiff's company ordered from Payless Rack the infringing Kayak Rack to confirm that it was a TMS brand item. Attached hereto as Exhibit "E" is a true and correct copy of the Order Confirmation for the purchase.  When Plaintiff's company received the purchased item, an inspection of the merchandise confirmed that said

merchandise was an unlawful reproduction of Plaintiff's Kayak Rack.  Plaintiff also discovered that the shipping label on the package indicated that the package originated from 9SPARTS INC.  Attached hereto as Exhibit "F" is a true and correct copy of the shipping label for the order to Payless Rack.

23. Plaintiff then discovered that Defendant, 9SPARTS INC, was offering for sale, and/or selling an exact model of the TMS Kayak Rack and Pickup Rack without authorization or license on Amazon.com under the TMS mark and under the exact product name and description listed by Plaintiff's company on Amazon.com.  9SPARTS INC. even used Plaintiff's photographs of the Pickup Rack to offer for sale and/or to sell vehicle racks on Amazon.com without Plaintiff's permission, consent or license.

24. In August of 2016, Plaintiff's company purchased from 9SPARTS INC. a test buy of the TMS Pickup Rack to confirm that it was a TMS brand item.  Attached hereto as Exhibit "G" is a true and correct copy of the shipping label for the order to 9SPARTS INC.  When Plaintiff's company received the purchased item, an inspection of the merchandise confirmed that said merchandise was an unlawful reproduction of Plaintiff's Pickup Rack.

25. Plaintiff's company sent a notice on August 29, 2016 to 9SPARTS INC. to demand that it stop selling the TMS Pickup Rack, but to no avail; 9SPARTS INC. ignored Plaintiff's notices and continued to sell the TMS Pickup Rack on Amazon.com.

26. On September 9, 2016, Plaintiff's counsel Ava Chow sent a cease and desist letter to 9SPARTS INC. on Amazon.com demanding that it stop its infringing conduct.  Attached hereto as Exhibit "H" is a true and correct copy of Plaintiff's cease and desist demand letter.  However, Payless Rack ignored the cease and desist demand letter and continued to sell the infringing product.

27. On September 14, 2016 Plaintiff's counsel reported 9SPARTS INC.'S infringing conduct to Amazon.com.

28. Upon information and belief, Defendant's infringing activities are conscious, intentional and willful.

29. Plaintiff has never authorized Defendant to manufacture, distribute, advertise, offer for sale, and/or sell merchandise bearing the TMS marks.

30. Plaintiff has never permitted Defendant to use his photographs to advertise, offer for sale, and/or sell merchandise on Amazon.com.

## FIRST CLAIM FOR RELIEF

### (Trademark Counterfeiting – 15 U.S.C. §1114)

31. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

32. Defendant, without authorization from Plaintiff, has used and are continuing to use the TMS mark in interstate commerce.

33. The foregoing acts of Defendant are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or to deceive consumers, the public and the trade into believing that Defendant's counterfeit products are genuine or authorized products originating from Plaintiff and his company.

34. Upon information and belief, Defendant has specific knowledge that Plaintiff owns the TMS mark, but with deliberate intention or willful blindness, elected to use Plaintiff's intellectual property to unfairly benefit from Plaintiff's goodwill.

35. Defendant's acts constitute trademark counterfeiting in violation of Section 32 of the Lanham Act (15 U.S.C. §1114).

36. Upon information and belief, Defendant has made and will continue to make substantial profits and gains to which it is unjustly and unlawfully entitled.

37. Upon information and belief, Defendant will continue to engage in the infringing activities unless it is restrained by this Court.

38. Defendant's actions have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

39. Based on the foregoing, Plaintiff is entitled to injunctive relief enjoining Defendant from continuing to use the TMS mark, and to recover from Defendant all damages, including the costs of this action pursuant 15 U.S.C. §1117(a), to attorneys' fees and treble damages

pursuant to 15 U.S.C. §1117(b), and/or statutory damages pursuant to15 U.S.C. §1117(c), all of which have been or will be incurred as a result of Defendant's infringing acts.

## SECOND CLAIM FOR RELIEF

### (Federal Trademark Infringement – 15 U.S.C. §1114)

40. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

41. U.S. Registration No. 4,793,272 is valid and in full force and effect.

42. Plaintiff has never authorized Defendant to sell merchandise with the TMS mark. Therefore, Defendant's use of the TMS mark is without permission or authority, and is in total disregard of Plaintiff's intellectual property rights to control and use his mark.

43. Defendant's unauthorized use and advertising of the TMS mark in interstate commerce constitutes false designation of origin and a false representation that Defendant's goods are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods and are of the same quality as that assured by the TMS mark.

44. Defendant's activities are likely to lead to and result in confusion, mistake or deception and are likely to cause consumers, the public, or trade to believe that Plaintiff has produced, manufactured, sponsored, offered, authorized, licensed or otherwise affiliated with Defendant's company or business, to the detriment of Plaintiff.

45. Upon information and belief, Defendant's actions are deliberate, conscious, willful and intended to confuse the public as to the origin of Defendant's goods in order to reap the benefit of Plaintiff's goodwill associated with the TMS mark.

46. As a direct and proximate result of Defendant's infringing activities, Plaintiff has been injured and will continue to suffer injury to his business and goodwill unless Defendant is restrained by this Court from further infringing the TMS mark.

47. Defendant's actions have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

48. Based on the foregoing, Plaintiff is entitled to injunctive relief enjoining Defendant from continuing to use the TMS mark, and to recover from Defendant all damages, including the costs of this action pursuant 15 U.S.C. §1117(a), to attorneys' fees and treble damages pursuant to 15 U.S.C. §1117(b), and/or statutory damages pursuant to 15 U.S.C. §1117(c), all of which have been or will be incurred as a result of Defendant's infringing acts.

## THIRD CLAIM FOR RELIEF

### (False Designation of Origin and False Advertising – 15 U.S.C. §1125(a))

49. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

50. The TMS mark is a nonfunctional mark and serves to identify Plaintiff's vehicle racks.

51. Defendant's promotion, advertising, distribution, sale, and/or offering for sale of counterfeit TMS products, is intended and likely to confuse, mislead, deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of Defendant's products, and is intended and likely to cause such parties to believe in error that Defendant's counterfeit products have been authorized, sponsored, approved, endorsed or licensed by Plaintiff, or that Defendant is in some way affiliated with Plaintiff and the TMS mark.

52. Defendant's use of the TMS mark is without permission or authority, and is in total disregard of Plaintiff's intellectual property rights to control and use his mark.

53. Defendant's actions have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

54. Based on the foregoing, Plaintiff is entitled to injunctive relief enjoining Defendant from continuing to use the TMS mark, and to recover from Defendant all damages, including the costs of this action pursuant 15 U.S.C. §1117(a), to attorneys' fees and treble damages pursuant to 15 U.S.C. §1117(b), and/or statutory damages pursuant to 15 U.S.C. §1117(c), all of which have been or will be incurred as a result of Defendant's infringing acts.

## FOURTH CLAIM FOR RELIEF

### (Common Law Unfair Competition)

55. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

56. Plaintiff owns and enjoys common law trademark rights to the TMS mark in California and throughout the United States.

57. Defendant's unlawful acts in appropriating rights in the TMS mark and using Plaintiff's photos were intended to cause likelihood of confusion and capitalize on Plaintiffs' goodwill associated therewith for Defendant's own financial gain.

58. Plaintiff has expended substantial time, resources and effort to build its goodwill and a good reputation for his brand.

59. As a result of Plaintiff's efforts, Defendant is now unjustly enriched and benefiting from property rights that rightfully belong to Plaintiff.

60. Defendant's unauthorized use of the TMS mark and photos has caused and is likely to cause confusion as to the source of Defendant's products, all to the detriment of Plaintiff.

61. Defendant's acts are willful, deliberate, and intended to confuse the public and to injure Plaintiff.

62. Defendant's acts constitute unfair competition under California common law.

63. Plaintiff has been irreparably harmed and will continue to be irreparably harmed as a result of Defendant's unlawful acts unless Defendant is permanently enjoined from its unlawful conduct.

64. The conduct herein complained of was extreme, outrageous, fraudulent, and was inflicted on Plaintiff in reckless disregard of Plaintiff's right such that it supports an award of exemplary and punitive damages in an amount sufficient to punish and make an example of the Defendant and to deter them from similar such conduct in the future.

65. Defendant's acts have damaged and will continue to damage Plaintiff, and Plaintiff has no adequate remedy at law.

66. In light of the foregoing, Plaintiff is entitled to injunctive relief enjoining Defendant from using the TMS mark and Plaintiff's photos, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain and all gains, profits and

1   advantages obtained by Defendant as a result of their infringing acts alleged above in an

2   amount not yet known, as well as the costs of this action.

3   WHEREFORE, Plaintiff prays for judgment as follows:

4   1. Granting temporary, preliminary and permanent injunctive relief restraining and

5   enjoining Defendant, its officers, agents, employees, and attorneys, and all those persons or

6   entities in active concert or participation with Defendant from:

7   (a) manufacturing, importing, advertising, marketing, promoting, supplying, distributing,

8   offering for sale, or selling any products which bear the TMS mark, or any other mark confusingly

9   similar thereto;

10   (b) engaging in any other activity constituting unfair competition with Plaintiff, or acts and

11   practices that deceive consumers, the public, and/or trade;

12   (c) committing any other act which falsely represents or which has the effect of falsely

13   representing that the goods and services of Defendant are licensed by, authorized by, offered by,

14   produced by, sponsored by, or in any other way affiliated with Plaintiff;

15   (d) designing, copying, reproducing, displaying, promoting, advertising, distributing, or

16   selling, or any other form of dealing or transaction in, any and all advertising and promotional

17   materials, print media, signs, Internet websites, or any other media, bearing any design or mark

18   which infringes upon Plaintiff's rights in the photographs of the vehicle racks at issue.

19   2. Ordering Defendant to recall from any distributors and retailers and to deliver to

20   Plaintiff for destruction or other disposition all remaining inventory of all infringing products,

21   including all advertisements, promotional and marketing materials related thereto;

22   3. Ordering an accounting by Defendant of all gains, profits and advantages derived from

23   its wrongful acts;

24   4. Awarding Plaintiff all of Defendant's profits and all damages sustained by Plaintiff as a

25   result of Defendant's wrongful acts, and such other compensatory damages as the Court

26   determines to be fair and appropriate pursuant to 15 U.S.C. 1117(a);

27   5. Awarding treble damages in the amount of Defendant's profits or Plaintiff's damages,

28   whichever is greater, for willful infringement pursuant to 1514 U.S.C. 1117(b);

6. Awarding applicable interest, costs, disbursements and attorneys' fees, pursuant to 15 U.S.C. 1117(b);

7. Awarding Plaintiffs' statutory damages pursuant to 15 U.S.C. §1117(c); and

8. That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

## **DEMAND FOR JURY TRIAL**

Plaintiff TAILAI TING hereby demands trial by jury of all issues so triable under the law.

Dated: 10/20/2016                    Clement Cheng, Esq. for Plaintiff Tailai Ting

X:_____

NEWHOPE LAW, PC
4522 Katella Avenue #200
Los Alamitos, CA 90720
Tel: (714) 825-0555
Fax: (714) 825-0558
Email: law@clemcheng.com

COMPLAINT FOR DAMAGES

# EXHIBIT "A"

# United States of America
## United States Patent and Trademark Office

# TMS

**Reg. No. 4,793,272**

**Registered Aug. 18, 2015**

**Int. Cls.: 7, 8, 9, 11, 12, 18, 22, 27 and 28**

**TRADEMARK**

**PRINCIPAL REGISTER**



Michelle K. Lee

Director of the United States
Patent and Trademark Office

TING, TAILAI (UNITED STATES INDIVIDUAL)
4391 BENNINGTON CT
CHINO, CA 91710

FOR: ELECTRICALLY-POWERED KITCHEN APPLIANCE FOR DICING, MINCING, IN CLASS 7 (U.S. CLS. 13, 19, 21, 23, 31, 34 AND 35).

FIRST USE 2-10-2014; IN COMMERCE 2-10-2014.

FOR: HAND-OPERATED CUTTING TOOLS, NAMELY, BOX CUTTERS; HAND-OPERATED CUTTING TOOLS, NAMELY, SAFETY CUTTERS, IN CLASS 8 (U.S. CLS. 23, 28 AND 44).

FIRST USE 10-25-2013; IN COMMERCE 10-25-2013.

FOR: AUDIO SPEAKERS; CAMERA CASES; CAMERA STRAPS; COMPUTER KEYBOARDS; COMPUTER MOUSE; SCALES, IN CLASS 9 (U.S. CLS. 21, 23, 26, 36 AND 38).

FIRST USE 3-20-2012; IN COMMERCE 3-20-2012.

FOR: FIREPLACES; LAMPS; OUTDOOR LIGHTING, NAMELY, PAVER LIGHTS; SOLAR LIGHT FIXTURES, NAMELY, INDOOR AND OUTDOOR SOLAR POWERED LIGHTING UNITS AND FIXTURES; SOLAR POWERED LAMPS; PORTABLE STOVES, IN CLASS 11 (U.S. CLS. 13, 21, 23, 31 AND 34).

FIRST USE 12-9-2011; IN COMMERCE 12-9-2011.

FOR: BICYCLE CARRIERS FOR VEHICLES; BICYCLES; RACKS FOR VEHICLES FOR LUGGAGE; ROOF RACKS, IN CLASS 12 (U.S. CLS. 19, 21, 23, 31, 35 AND 44).

FIRST USE 3-20-2012; IN COMMERCE 3-20-2012.

FOR: ALL PURPOSE SPORT BAGS; HIKING BAGS; ELECTRONIC PET COLLARS; HIKING STICKS, IN CLASS 18 (U.S. CLS. 1, 2, 3, 22 AND 41).

FIRST USE 2-18-2014; IN COMMERCE 2-18-2014.

FOR: HAMMOCKS, IN CLASS 22 (U.S. CLS. 1, 2, 7, 19, 22, 42 AND 50).

**Reg. No. 4,793,272** FIRST USE 4-17-2012; IN COMMERCE 4-17-2012.

FOR: GYMNASTIC MATS, IN CLASS 27 (U.S. CLS. 19, 20, 37, 42 AND 50).

FIRST USE 10-25-2013; IN COMMERCE 10-25-2013.

FOR: EXERCISING EQUIPMENT, NAMELY, POWERED TREADMILLS FOR RUNNING, IN CLASS 28 (U.S. CLS. 22, 23, 38 AND 50).

FIRST USE 7-3-2014; IN COMMERCE 7-3-2014.

THE MARK CONSISTS OF STANDARD CHARACTERS WITHOUT CLAIM TO ANY PAR-TICULAR FONT, STYLE, SIZE, OR COLOR.

OWNER OF U.S. REG. NO. 4,402,994.

SER. NO. 86-368,523, FILED 8-15-2014.

CASSONDRA ANDERSON, EXAMINING ATTORNEY

# EXHIBIT "B"

**AVA CHOW**
*Attorney at Law*
*2271 W. Malvern Avenue, #252*
*Fullerton, CA 92833*
*Tel: (949) 300-2574*
*Fax: (949) 861-6170*
*E-mail: avachow.law@gmail.com*

June 22, 2016

*Via Email on Amazon.com*
PaylessRack

### RE: Demand to Cease and Desist Sale and Advertising of TMS Products

Dear PaylessRack:

Please be advised that my office represents Calhome, Inc., d/b/a T-Motorsports ("T-Motorsports") in its intellectual property matters. T-Motorsports is the owner of certain trademark and copyrights, which are valuable to its goodwill and business reputation. My client endeavors to protect these intellectual property rights vigorously.

It has come to my attention that your company is unlawfully using intellectual property belonging to my client, without my client's authorization, to offer for sale and advertise your company products on Amazon.com. Your conduct appears to constitute criminal and civil violations of federal and common law as explained below.

Your company is unlawfully and without permission copying, distributing, publicly displaying, and creating derivative works from T-Motorsports' copyrighted photographs.
Evidence of your unlawful use of my client's copyrights is found on Amazon.com. The ASIN reference number for the items in question are as follows: 1. B011EUADT; 2. B00KOA2EWS; 3. B00KO9BOYS; 4. B011DIHJT2; 5. B00NAJUJYK; and 7. B00873J0YY

This unlawful conduct infringes my client's exclusive copyrights, as T-Motorsports is the owner of copyrights of various photographs of products associated with the TMS mark. Under state and federal laws, T-Motorsports' copyrights have been in effect since the date the photographs were created and are therefore protected under copyright laws. Copyright infringement carries both civil and criminal penalties. Under federal statute 17 U.S.C. Section 504, a violation of copyright infringement is subject to statutory damages in the amount of $750 to $30,000 per copyrightable work. If it is found that your copyright infringement is willful, you could be liable for statutory damages in the amount of $150,000 per work.

Your conduct on Amazon.com also appears to infringe the trademark rights of my client. Specifically, your company is using T-Motorsports' trademark TMS to sell and advertise your company products on Amazon.com. T-Motorsports' has been using the trademark TMS in commerce as early as 2013 in connection with the sale of metal goods. Currently, an application for registration of the mark is pending before the United States Patent and Trademark Office. Your unauthorized sale and advertisement of your products using a registered trademark may constitute trademark infringement, unfair competition, and dilution.

Additionally, your company's offer for sale and advertising of the item with the TMS mark on Amazon.com is an illegal reproduction of T-Motorsports' products. Sale of counterfeit products is a serious criminal and civil violation of federal and state law. A criminal conviction could lead to lengthy imprisonment. Damages awarded in a civil lawsuit would include actual damages, unlawful profits, treble damages, attorney's fees and statutory damages up to $250,000 per counterfeit goods. Additionally, the willful sale of counterfeit items could expose you to liability in the amount of $2,000,000.

For the reasons stated above, my client formally demands that you immediately cease and desist from any and all distribution, sale or advertisement of the products referenced herein. You must remove your listing of the counterfeit items from Amazon.com immediately without further delay. My client reserves the right to pursue any action necessary; including requests for monetary damages, injunctive relief, court costs and attorney's fees to protect our valuable intellectual property rights in the event your compliance does not occur.

Sincerely,

*/s/ Ava Chow*

Ava Chow

cc: Client

# EXHIBIT "C"

 Gmail

**tailai ting <mike32888@gmail.com>**

---

### Your Amazon.com order of "A-Smart® 2 Pairs of J Bar...".

1 封郵件

---

**auto-confirm@amazon.com** <auto-confirm@amazon.com>
回覆: auto-confirm@amazon.com
收件者: mike32888@gmail.com

2016年7月27日 下午5:07

---



Order Confirmation

Hello Tai Lai Ting,

Thank you for shopping with us. You ordered "A-Smart® 2 Pairs of J Bar...".
We'll send a confirmation when your item ships.

Details

Order #111-4706513-0587457

Arriving:
**Tuesday, August 2 -**
**Friday, August 5**

[ View or manage order ]

Ship to:
**T-Motorsports Group Inc**
**2550 Fulton Rd...**

Total Before Tax: $82.85
Estimated Tax:    $0.00
**Order Total:    $82.85**

We hope to see you again soon.
**Amazon.com**

 **The Amazon App**
Search, Shop, and Track Your Packages

The payment for your invoice is processed by Amazon Payments, Inc. P.O. Box 81226 Seattle, Washington
98108-1226. If you need more information, please contact (866) 216-1075

By placing your order, you agree to Amazon.com's Privacy Notice and Conditions of Use. Unless otherwise noted,
items sold by Amazon.com LLC are subject to sales tax in select states in accordance with the applicable laws of
that state. If your order contains one or more items from a seller other than Amazon.com LLC , it may be subject to
state and local sales tax, depending upon the seller's business policies and the location of their operations. Learn
more about tax and seller information.

# EXHIBIT "D"



# EXHIBIT "E"

 Gmail

**Tiffany Ting <tiffanyttmotorsports@gmail.com>**

## Fwd: Your Amazon.com order of "TMS® 2 Pairs J-Bar Rack HD...".
1 message

**Grace Lin** <gracelinemail@gmail.com>
To: Tiffany T <tiffany@t-motorsports.com>

Wed, Oct 5, 2016 at 9:34 AM

Sent from my iPhone

Begin forwarded message:

> **From:** "auto-confirm@amazon.com" <auto-confirm@amazon.com>
> **Date:** July 28, 2016 at 3:04:56 AM GMT+3
> **To:** grace@net-cn.com
> **Subject: Your Amazon.com order of "TMS® 2 Pairs J-Bar Rack HD...".**
> **Reply-To:** auto-confirm@amazon.com

 amazon

Order Confirmation

Hello Grace Lin,

Thank you for shopping with us. You ordered "TMS® 2 Pairs J-Bar Rack HD...".
We'll send a confirmation when your item ships.

Details

Order #107-5665732-2944252

Arriving:
**Tuesday, August 2 -
Friday, August 5**

View or manage order

Ship to:
**Mei Lin Lin
22005 BIRDS EYE DR...**

Total Before Tax: $64.87
Estimated Tax:  $0.00
**Order Total:  $64.87**

We hope to see you again soon.
**Amazon.com**

# EXHIBIT "F"

10/5/2016 11:08 AM

1 of 1



https://mail.google.com/_/scs/mail-static/_/js/k=gmail.main.en.bQuExR...

IMG_0455.JPG

# EXHIBIT "G"



# EXHIBIT "H"

**AVA CHOW**

*Attorney at Law*
*2271 W. Malvern Avenue, #252*
*Fullerton, CA 92833*
*Tel: (949) 300-2574*
*Fax: (949) 861-6170*
*E-mail: avachow.law@gmail.com*

September 6, 2016

*Via Amazon.com*
9sparts

### RE: Demand to Cease and Desist Sale and Advertising of TMS Products

Dear 9sparts:

I write you again on behalf of Tailing Ting and his company Calhome, Inc., d/b/a T-Motorsports in their intellectual property matters. As you were previously informed in a separate correspondence from my office, Tailing Ting is the owner of certain copyrights and a federally registered trademark referenced by U.S. Reg. No. 4,793,272 for the mark TMS (the "TMS mark").

It has come to my attention that your company continues to unlawfully use intellectual property belonging to my client, without my client's authorization, to offer for sale and advertise your company products on Amazon.com. Your conduct appears to constitute violations of federal and common law as explained below.

Your company is unlawfully and without permission copying, distributing, publicly displaying, and creating derivative works of my client's copyrighted photographs on Amazon.com to further your business and financial purpose. Evidence of your unlawful use of my client's copyrights is found on Amazon.com and can be viewed at https://www.amazon.com/gp/offer-listing/B007F2I13E/ref=sr_1_1_olp?ie=UTF8&qid=1472860623&sr=8-1&keywords=B007F2I13E&condition=new.

This unlawful conduct infringes my client's exclusive copyrights, as my client is holder of rights to this photograph. Under state and federal laws, my client's copyrights have been in effect since the date the photograph was created and is therefore protected under copyright laws.

Your conduct on Amazon.com also appears to infringe the trademark rights of my client. Specifically, your company is using the TMS mark to sell and advertise your company products on Amazon.com. Your unauthorized sale and advertisement of your products using a registered trademark may constitute trademark infringement, unfair competition, and dilution.

Additionally, your company's unlawful reproduction of my client's products may constitute trademark counterfeiting, which is a serious violation of federal and state law. Damages awarded in a civil lawsuit would include actual damages, unlawful profits, treble damages, attorney's fees and statutory damages up to $250,000 per counterfeit goods. Additionally, the willful sale of counterfeit items could expose you to liability in the amount of $2,000,000.

For the reasons stated above, my client formally demands that you immediately cease and desist from any and all distribution, sale or advertisement of the product referenced above and any other product in your possession that may infringe the TMS mark. You are further demanded to discontinue using any photos that belong to my client to advertise, promote, sell, and or distribute your company products. You must remove your listing of the counterfeit and infringing items from Amazon.com immediately without further delay.

You are requested to take the actions requested above and advise me of your compliance by and no later than **September 9, 2016**. My client reserves the right to pursue any action necessary; including requests for monetary damages, injunctive relief, court costs and attorney's fees to protect his valuable intellectual property rights in the event your compliance does not occur. Please be informed that Amazon.com may be contacted to open an investigation of your conduct on the basis that your company violates Amazon.com's anti-counterfeiting and infringement policy. I strongly urge that you respond in a timely manner and take this matter seriously to avoid costly and serious consequences of your actions.

Sincerely,

Ava Chow
Attorney at Law
2271 W. Malvern Avenue, #252
Fullerton, CA 92833